**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Cruising Kitchens, LLC** | § | Case No. 26-50001 |
| | § | |
| **Cameron & Mary Davies** | § | Case No. 26-50002 |
| | § | |
| | § | Joint Administration Requested |

## DEBTORS' MOTION FOR JOINT ADMINISTRATION

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**THIS APPLICATION REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 E. HOUSTON ST., ROOM 597, SAN ANTONIO, TEXAS 78205. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cruising Kitchens, LLC, and Carmeron & Mary Davies, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion"), for an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting joint administration of their Chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

**I.  PROCEDURAL BACKGROUND**

1. On January 2, 2026, Cruising Kitchens, LLC ("Cruising Kitchens" or "CK"), and

Carmeron & Mary Davies, filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Code"). The Debtors continue to manage and operate their financial affairs as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has yet been appointed in this case by the United States Trustee. No trustee or examiner has been requested or appointed.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 1015(b).

## III. DEBTORS' HISTORY

### A. Cruising Kitchens, LLC's History

3. Cameron Davies formed Cruising Kitchens in May 2011 to build mobile food trucks and trailers. Building mobile food trucks was CK's primary business until 2020 and 2021. In 2020 and 2021, CK invested $11 million in downtown San Antonio in property located at 314 Nolan, San Antonio, to allow CK to fulfill an LOI to build up to 650 food trailers for Reef Technologies aka Vessel Enterprises ("Reef"). The Nolan property allowed Debtor to manufacture 50 franchise ghost kitchens each month. The $11million investment was anchored by a $7.1 million loan from BlueSky Bank with an additional $5 million operating capital "Main Street Lending" loan serviced by BlueSky for a total of about $12 million.[1]

---

[1] A "Boston Fed loan" usually refers to a loan that was made under the Main Street Lending Program (MSLP) during COVID-19, which was administered by the Federal Reserve Bank of Boston. BlueSky only guarantees 5% of the Main Street Loan.

2

4. CK manufactured approximately 200 of the trailers when Reef reported they were out of money and could not make further payments. Around spring of 2023, CK sent a demand for payment to Reef and Reef was prepared to make a $1million payment but BlueSky interfered and the payment was not made. The Reef Technologie scam not only caused a $1.4 million loss. In addition, it left CK with $9 million in real estate, $11 million in inventory, and 120 employees without sufficient contracts for support. Through late 2022 and 2023, CK attempted to keep the company afloat and continued to service the BlueSky debt. Servicing the Debt was ultimately untenable. Therefore, CK and BlueSky entered into a deed in lieu of foreclosure agreement whereby BlueSky repossessed or sold real estate and equipment. However, Debtor contends BlueSky breached the agreement causing further damage to Debtor. BlueSky failed to renew its UCC liens leaving Debtor with only one blanket lien creditor, James Michelle, Inc.

5. In order to resolve a portion of the debt, CK sold 2100 Mannix Drive, San Antonio, Texas 78217 to Shag Carpet for $5.7 million. CK then entered into a lease with option to buy 702 and 802 San Fernando, San Antonio, Texas 78207 because CK received an LOI from Smalls Sliders to build up to 500 "brick and mortar" quick service restaurants ("QSR"). CK then invested time and money to obtain an in-house industrialized build certification, which would allow CK to build brick and mortar kitchens in about 60 days that are manufactured off site and then delivered to the location. CK has completed the first QSR building for Smalls Sliders and is in the process of finishing the next two. Just prior to filing these bankruptcy cases, CK became a certified in house builder, and CK is now working with several larger fast food chains to incorporate QSRs into their operations. In addition, CK has a contract with HALEKOA to build two brick and mortar QSR kitchens and then transport them to Hawaii for the United States Government.

6. Going forward, CK has a very bright outlook. CK anticipates receiving four to six million dollars in new contracts first quarter of 2026.

**B. Cameron & Mary Davies History**

7. Cameron and Mary "Kaycee" Davies married on July 3, 2010, and have two children ages 12 and 14. Cameron started CK in 2011, and built a food park located at 14732 Bulverde on property owned by CK. While Cameron was running CK, Mary was a school teacher that worked part time for no pay at CK designing trailer interiors. She also operated a snow trailer owned by Cameron and Mary. Over the next decade the Davies built CK to a more than $20 million per year business. During this time Cameron launched various other businesses but his core business was always Cruising Kitchens. The various financial problems faced by CK have also caused major problems in the Davies finances. The Davies' home has been in foreclosure, judgements through Cameron's guarantees for Cruising Kitchens have resulted in a receiver, and the Davies are still in protracted litigation with BlueSky bank and their former accountant Travis Baros.

8. However, as the horizon has brightened for Cruising Kitchens, it has also brightened for its leader. The new business coming to Cruising Kitchen also will help the Davies meet their financial obligations.

### IV. **FACTS RELEVANT TO THIS MOTION**

9. Cameron Davies is the 100% sole member of Cruising Kitchens; hence, the parties are affiliates. Furthermore, Cameron Davies has guaranteed many of the CK's debts and Cameron Davies has largely become the identity of CK headlining numerous TV, cable and streaming programs such as Blue Collar Backers on the Discovery Channel; Built for Business on MotorTrend TV; San Antonio Living; and Fox San Antonio. Jointly administering the Davies and

4

CK bankruptcy cases is allowed under the Bankruptcy Code and is in the best interest of their respective estates.

## V. RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

    a. One docket shall be maintained for the Debtors' cases under the case number assigned to Cruising Kitchens, LLC, Case No. 26-50001

    b. The caption of the cases shall be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Cruising Kitchens, LLC** | § | **Case No. 26-50001** |
| | § | |
| Cameron & Mary Davies | § | **Case No. 26-50002** |
| | § | |
| | § | **Jointly Administered under Case No. 26-50001** |

    c. A notation substantially similar to the following notation shall be entered on the docket for Carmeron & Mary Davies to reflect that the case shall be jointly administered under the Cruising Kitchens, LLC chapter 11 case:

> "An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Cruising Kitchens, LLC, Case No. [26-50001]. The docket for Cruising Kitchens, LLC should be consulted for all matters affecting this case."

5

  d.  The Office of the U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors, if required;

  e.  One plan may be filed for both of these cases and the joint plan shall be filed of record in each case; however, substantive consolidation is not being requested at this time;

  f.  The Debtors shall file separate Schedules of Assets and Liabilities and Statements of Financial Affairs in each case;

  g.  Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

  h.  A separate claims register shall be maintained for each Debtor;

  i.  Debtors shall file separate monthly operating reports in each case as required by the United States Trustee with all reports filed also in the 26-50001 case;

  j.  Cruising Kitchens, LLC and Cameron & Mary Davies shall operate out of separate debtor and possession accounts.

## VI. BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of affiliated debtors. Cameron Davies is the 100% member and manager of Cruising Kitchens, LLC. Therefore, the Debtors are "affiliates" as such term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested in this Motion.

12. The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief

6

on behalf of all Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in the best interests of their estates, creditors, and other parties-in-interest; and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to: (i) file duplicate motions; (ii) enter duplicate orders; and (iii) forward unnecessary, duplicate notices and other documents to creditors and other parties-in-interest, which actions would cause the Debtors' estates to incur unnecessary costs and expenses.

## **NOTICE**

13. Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Western District of Texas; (b) all known or alleged secured creditors; (c) the 20 largest unsecured non-insider creditors of the Debtors (on a consolidated basis); (d) all known shareholders holding over 5% of a class of equity interests the corporate debtors; (e) all Debtor professionals; (f) all members of any official committee of unsecured creditors that may be appointed; (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed; (h) the United States Attorney's Office for the Western District of Texas; (i) the Internal Revenue Service; (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002; and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Dated: January 2, 2026

Respectfully submitted,

*/s/ Ronald J. Smeberg*
THE SMEBERG LAW FIRM, PLLC
Ronald J. Smeberg
State Bar No. 24033967
4 Imperial Oaks
San Antonio, Texas 78248
210-695-6684 (Tel)
281-754-4042 (Fax)
ATTORNEY FOR DEBTORS